UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VP BUILDINGS, INC. | CIVIL ACTION |
| v. | NO. 03-2446 |
| NORCO CONSTRUCTION, INC., GIBBS CONSTRUCTION, LLC, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND | SECTION "C" MAGISTRATE "3" |

### ORDER AND REASONS [1]

Before the Court is the motion to dismiss the third party complaint of St. Bernard Port, Harbor, and Terminal District ("the Port") filed by Richard A. Albert ("Albert") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In support of his motion, Albert argues that the Port is not entitled to contribution or tort indemnity under Louisiana law and that the contract in question is not for the benefit of a third party such as the Port.  Having considered the pleadings and the applicable law, the Court GRANTS the motion to dismiss, treated as a motion for summary judgment.

This litigation involves a construction project on land owned by the Port, land adjacent to the Mississippi River known as the Chalmette Terminal Facility.  The movant's predecessor company, Mouton/Albert Architects ("Mouton/Albert"), entered into a contract with Boasso America ("Boasso") to provide architectural services for the construction of a shop and an office on the site of the Chalmette Terminal Facility (Rec. Doc. 121, Exh. A).  His motion is based on

---

[1] Gregory Zitterkob, a second-year student at Tulane University Law School, contributed to the research and preparation of this order.

this signed contract.  However, the Port relies on a separate contract in opposition.  This contract is an unsigned standard form agreement between Woodward Design, LLC ("Woodward") and Mouton/Albert that names the Port as an entity entitled to review the architect's submittals (Rec. Doc. 122, Exh. RA 1, p. 1). Without addressing the signed contract between Mouton/Albert and Boasso, the Port argues that it should be treated as a third party beneficiary under the law.

**Law and Analysis**

Albert has filed this motion under Rule 12(b)(6), but attaches and relies on the contract with Boasso.  Similarly, the Port relies on documents outside the pleadings in response to the motion.  In light of this circumstance, the motion will be treated as a motion for summary judgment, which can be granted only  when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed.2d 265  (1986) (quoting Fed. R. Civ. P. 56(c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Automobile Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First National Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50, 106 S. Ct. at 2511 (citations omitted).

In its memorandum in opposition to the motion to dismiss, the third party plaintiff Port acknowledges that its indemnity claim in tort against Albert should be dismissed "in view of Louisiana law allowing the assessment of liability only to the extent of a party's responsibility." (Rec. Doc. 122 p. 7). Consequently, the Court will not address the issue of tort indemnity. However, the Port maintains that it was a beneficiary of the unsigned contract between Mouton/Albert and Woodward for the following reasons:

> (1) [T]he contract acknowledges that the Port is the owner of the building; (2) the architect's plans were subject to approval by the Port; (3) when the Port had questions about the architect's work, Mr. Albert replied directly to the Port; (4) Mr. Albert also attended several of the construction meetings required to be held by the Port during the project participated actively in the meetings directly with the Port.

(Rec. Doc. 122, p. 2).

The Louisiana Civil Code provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third-party is referred to as a *stipulation pour autrui* and gives the third party beneficiary the right to demand performance from the promisor. *Whitney National Bank v. Howard Weil Fianancial Corp.*, 631 So.2d 1308 (La. App. 4th Cir. 1994). However, a

*stipulation pour autrui* is never presumed.  *Smith v. State Farm Insurance Companies*, 869 So.2d 909, 912-13 (La.App. 4th Cir. 2004).  Rather, a *sipulation pour autrui* "must be in writing and clearly express [the] intent" that it be for the benefit of another.  *Fontenot v. Marquette Casualty Co.*, 247 So.2d 572 (La. 1971) (citing La. C.C. Art. 1890, 1902).

In this case, the only relevant signed contract is between Boasso and Mouton/Albert. That contract contains no mention of a third party beneficiary and in no measure expresses any intent that the Port be a third party beneficiary to the contract.  In fact, Article 9.7 of the contract states that "[n]othing contained in the Agreement shall create a contractual relationship with or cause of action in favor of a third party against either the Owner or Architect."  Even if the unsigned agreement between Boasso and Woodward on which the Port relies were valid, the Port would still be precluded from relief as a third party beneficiary.  In Article 1.3.7.5 of the unsigned agreement, it states that "[n]othing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either the Construction Manager or Architect." (Rec. Doc. 122, Exh. RA # 1, p.8).  Given the lack of any clearly expressed intent that the contract be for the benefit of a third party, as well as the language of the contract specifically excluding the creation of a third party relationship, the Court finds that the contract between Boasso and Mouton/Albert contains no *stipulation pour autrui* in favor of the third party defendant.

Given the express provisions against third party beneficiary status in the two documents under examination, that status would be equally unavailable under the caselaw cited by the Port.

**Conclusion**

Accordingly, IT IS ORDERED that the third party defendant's motion to dismiss the third party complaint filed by Richard A. Albert, treated as a motion for summary judgment, is hereby GRANTED. (Rec. 121).

New Orleans, Louisiana, this 29th day of July 2005.

                                                **HELEN G. BERRIGAN**
                                    **UNITED STATES DISTRICT JUDGE**